KING V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-149-CR

ALFRED CARL KING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Alfred Carl King appeals the trial court’s denial of his motion for DNA testing.  In a single point, appellant complains that the trial court may have improperly considered his guilty plea when ruling on the motion.  We affirm.

A trial court may order DNA testing only if, among other things, it finds that identity was or is an issue in the case.
(footnote: 2)  The court is prohibited from finding that identity was not an issue based solely on a defendant’s guilty plea.
(footnote: 3)  If the defendant admitted to committing the crime, however, identity is not an issue, even if the defendant also pleaded guilty.
(footnote: 4)
 In this case, appellant was convicted of murder pursuant to a plea bargain.  In ruling on appellant’s motion for DNA testing, the trial court found that appellant admitted that he fired a gun three times into the house where the murder occurred, that he fired the gun that shot and killed the victim, and that he told another person that he killed the victim.
(footnote: 5)  Because appellant admitted to killing the victim, his identity was not an issue in the case.  Therefore, the trial court properly denied appellant’s motion for DNA testing.

We overrule appellant’s point and affirm the trial court’s order denying DNA testing. 

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(B) (Vernon Supp. 2005).

3:
Id.
 art. 64.03(b).

4:
See Bell v. State,
 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (defendant confessed to crime); 
Arroyo v. State,
 No. 02-04-00218-CR, 2004 WL 1944417, at *1 (Tex. App.—Fort Worth Sept. 2, 2004, pet. ref’d) (mem. op.) (not designated for publication) (defendant admitted having sexual intercourse with victim and stabbing her).

5:
See Rivera v. State,
 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (holding that reviewing court affords almost total deference to trial court’s determination of historical fact issues when ruling on motion for DNA testing).